LOBRANO, J.,
concurs with reasons.
_JjI respectfully concur. I agree with the majority that summary judgment must be reversed. I write separately as I find that the plaintiff, Terrance Harbor, properly asserted a cause of action in tort against Robert Clay Barrilleaux, individually. La. Civ.Code art. 2315. La. R.S. 12:1174 does not preclude a cause of action for breach of professional duty against an incorporator, subscriber, shareholder, director, officer, employee, or agent of an architectural-engineering corporation. La. R.S. 12:1174(C) specifically provides that “[n]othing in this Chapter shall be construed as in derogation of any rights which any person may have against an in-corporator, subscriber, shareholder, director, officer, employee, or agent of the corporation ... because of any breach of professional duty, or other negligent or wrongful act, by such person ...” Mere status as a- shareholder, officer and/or agent of an engineering corporation does not .automatically, insulate an engineer from liability for his or her own negligence. For this reason, I find that the district court committed legal error in dismissing Terrance Harbor’s claims against Robert Clay Barrilleaux, individually, for breach of professional duty.